IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARCUS W. KELLEY, Jr.**,

       Petitioner,

       v.                                CASE NO. 13-3168-SAC

**REX PYROR,**
**et al.**,

       Respondents.

### MEMORANDUM AND ORDER

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Lansing Correctional Facility, Lansing, Kansas. The filing fee has been paid. Having considered the materials filed, the court finds that Mr. Kelley fails to show that he exhausted all available state court remedies on the claims raised in this application and that the petition appears not to have been filed within the one-year statute of limitations.[1] Petitioner is ordered to show cause why this petition should not be dismissed for failure to exhaust and as time-barred.

### BACKGROUND

Mr. Kelley was convicted in the District Court of Atchison

---

1    Obviously, a state prisoner's failure to timely file his federal petition is grounds for dismissal with prejudice, and Mr. May might be required to address this issue only. However, he is given the opportunity to show that this action is not time-barred. If he somehow makes this showing, he will still have to satisfy the exhaustion prerequisite. Meanwhile, the federal limitations period would continue running because the pendency of this federal habeas petition has no tolling effect. Only a pertinent post-conviction motion pending in state court can toll the federal statute of limitations.

1

County, Kansas, of Attempted First Degree Murder upon his plea of no contest. On October 16, 2006, he was sentenced to 618 months in prison. He did not file a direct appeal.

On November 14, 2007, Mr. Kelley filed a motion pursuant to K.S.A. 60-1507 in which he alleged that he was mentally incompetent at the time of the offense, when he entered his plea, and at sentencing. He also claimed that the State failed to prove all elements of the offense and that his attorney was constitutionally ineffective for failing to investigate, request a second competency evaluation, and present mitigating evidence at sentencing. *See Kelley v. State,* 277 P.3d 447, *1 (Kan. App. 2012). In addition, petitioner challenged the use of a 1999 juvenile adjudication to calculate his criminal history score. Counsel was appointed, an evidentiary hearing was conducted, and the district court denied this motion in a Memorandum Decision filed on December 18, 2009. Kelley appealed to the Kansas Court of Appeals (KCA), which affirmed on May 25, 2012. *Id.*

Kelley also filed a Motion to Correct Illegal Sentence pursuant to K.S.A. 22-3504(1) in his state criminal case (No. 2006 CR 341). The date this motion was filed is not provided. In this motion, he claimed that sentencing him to the aggravated amount out of the three choices in the "B" box for his criminal history violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This motion was denied by the state district court in an order filed on August 21, 2012, which Mr.

Kelley has attached as an exhibit to his Petition.

**CLAIMS IN FEDERAL PETITION**

In his federal petitioner, Mr. Kelley claims as ground (1) that the district court violated *Apprendi* "when it sentenced him to the aggravated factors before the grid box without the jury and requiring the State prove them beyond a reasonable doubt." As ground (2) he claims that the district court violated *Apprendi* when it sentenced him to an increased sentence based on his prior criminal history without requiring the State to present that history to a jury and prove it beyond a reasonable doubt. Petitioner does not allege any facts to support either of these claims. Instead, he merely cites *Apprendi* and Kansas statutes and case law and incorrectly refers to these cites as "supporting facts."

**FULL EXHAUSTION NOT SHOWN**

"A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). It is the petitioner's burden to prove that he fully exhausted all state court remedies prior to filing his petition in federal court. 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A)

> the applicant has exhausted the remedies available in the
> courts of the State. . . .

Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *Id*. at 845. This means that each claim must have been "properly presented" as a federal constitutional issue "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). It has long been established that a § 2254 petition containing claims which have not been exhausted in state court must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 513-20 (1982).

Petitioner's statement in his petition that he raised ground (1) on direct appeal is contrary to his earlier statement in the same petition that he did not file a direct appeal. It is also refuted by the KCA finding on collateral appeal that he did not directly appeal. *Kelley*, 277 P.3d 447 at *1 ("Kelley filed no direct appeal."). Petitioner does not clearly differentiate steps taken to exhaust ground (2) in his petition. The court concludes that Mr. Kelley did not raise either of his claims on direct appeal. This means that in order to have exhausted state court remedies on his claims, he must have presented them in a state post-conviction motion filed in the trial court. In addition, he must have appealed the denial of that motion to the KCA and ultimately to the KSC, which

is the highest state court.

Petitioner shows that he filed a post-conviction motion in state court on November 14, 2007. In his federal petition, Mr. Kelley states that the grounds raised in this first 60-1507 motion were that he was incompetent and that Kansas failed to prove all elements of the crime beyond a reasonable doubt. These are not the same as the grounds raised in his federal petition, which are challenges to his sentence based upon *Apprendi*. Even if he did raise his *Apprendi* claims in his first 60-1507 motion and on the appeal of the denial of that motion to the KCA, there is no indication in the petition or on the state appellate court docket that Mr. Kelley presented any claims to the highest state court by filing a petition for review in the Kansas Supreme Court. It follows that Mr. Kelley did not fully exhaust either of the claims in his federal petition by way of his first 60-1507 motion.

Petitioner's description of his Motion to Correct Illegal Sentence and his exhibit of the state district court decision on this motion indicate that he did raise the claim that "sentencing him to the aggravated amount" violated *Apprendi*. However, nothing in the petition shows that he appealed this denial to the KCA and to the KSC.

Mr. Kelley is given time to allege facts, such as filing and disposition dates and results, showing that he has fully exhausted the claims raised in his federal petition. If he fails to show full

exhaustion within the prescribed time, this action will be dismissed for failure to exhaust.

**<u>STATUTE OF LIMITATIONS</u>**

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute provides, however, for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2).

Applying the statutory provisions to the facts of this case, it appears petitioner's convictions "became final" for limitations purposes on November 15, 2006.[2] The statute of limitations began to run on this date, and ran unimpeded for 364 days. It was then

---

2   Petitioner was sentenced on October 16, 2006. "[R]gardless of whether a petitioner actually appeals . . , the limitations period is tolled during the period in which the petitioner could have sought an appeal under the state law." *Gibson v. Klinger,* 232 F.3d 799 ,804 (10th Cir. 2000). K.S.A. 60-2103 provides in pertinent part: "When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be 30 days from the entry of the judgment . . . ." Consequently, petitioner's convictions became "final" as that term is used in § 2244(d)(1)(A) on November 15, 2006, which is thirty days after he was sentenced.

statutorily tolled during the pendency of petitioner's first "properly filed" 60-1507 motion, which was from November 14, 2007, through June 25, 2012 (the date the KCA affirmed on collateral appeal plus the thirty days during which Mr. Kelley could have filed a petition for review). The statute of limitations began running again on June 26, 2012, with only one day remaining in the one-year limitations period, unless Mr. Kelley filed another tolling-type motion in state court before that one day elapsed. However, even if Mr. Kelley's Motion to Correct Illegal Sentence was filed in time to toll the statute of limitations, its tolling effect lasted only as long as this second collateral proceeding was pending. The only disposition date provided as to this motion is its denial by the district court in an order filed on August 21, 2012. Unless Mr. Kelley actually appealed the denial of this motion, the statute of limitations began running again thirty days later (adding the time in which he could have appealed the denial to the KCA), which was on September 21, 2012, and expired one day later on September 22, 2012. If Mr. Kelley did appeal the state district court's decision on his motion to correct illegal sentence to the KCA and the KSC, which he also must have done in order to have exhausted, then the statute of limitations expired twenty-one days after the decision of the KSC on that matter.[3] In sum, unless Mr. Kelley alleges facts showing that he is entitled to additional days of statutory tolling,

---

3   Twenty (20) days are added for the time in which a post-judgment motion for relief might be filed to the one day left in the limitations period.

or to equitable tolling, his federal petition is time-barred and must be dismissed with prejudice.

A litigant claiming entitlement to equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); see *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." *Gibson,* 232 F.3d at 800. The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.* (internal citations omitted); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Petitioner is given time to show cause why this petition for writ of habeas corpus should not be dismissed for failure to fully exhaust state court remedies on his claims and as time-barred. If

8

he fails to show good cause within the time prescribed, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to show cause why this petition for writ of habeas corpus should not be dismissed for failure to fully exhaust state court remedies and as time barred under 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

Dated this 24th day of October, 2013, at Topeka, Kansas.

                                        **s/Sam A. Crow**
                                        **U.S. Senior District Judge**