IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARCUS W. KELLEY, Jr.,

                Petitioner,

      v.                        CASE NO.  13-3168-SAC

REX PYROR, et al.,

                Respondents.


## MEMORANDUM AND ORDER

The court previously screened this pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and entered a Memorandum and Order finding that Mr. Kelley failed to show exhaustion of state court remedies on all his claims. In addition, the court found that the petition appears to be time barred, set forth tentative facts and the pertinent statutory provisions,[1] and explained its application of those laws to the facts. Mr. Kelley was ordered to show cause why this petition should not be dismissed for these reasons. He responded by filing a letter with attachments that were docketed as his

---

[1]    The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1): "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Response (Doc. 3).  Having considered all the materials in the file the court finds that petitioner has not shown exhaustion on all his claims and has not shown good cause why this petition should not be dismissed as untimely.

**PROCEDURAL HISTORY & BACKGROUND**

The court previously set forth a tentative procedural history of Mr. Kelley's case.  It now incorporates corrections and details garnered as a result of Mr. Kelley's Response, and finds the following background facts.  Mr. Kelley was convicted upon his plea of no contest in the District Court of Atchison County, Kansas, of Attempted First Degree Murder.[2]  On October 16, 2006, he was sentenced to 618 months in prison.  He did not file a direct appeal.[3]

---

[2]    He was charged in July 2006 "with attempted murder and aggravated robbery arising out of an attack on the driver of a delivery truck. *Kelley v. State*, 277 P.3d 447, *1, 2012 WL 1970058 (Kan.App. May 25, 2012).  His attorney filed a motion for competency determination, which was granted.  A week later, a psychologist filed a report finding Kelley competent to stand trial.  "The State and defense counsel worked out an agreement under which Kelley would plead to the attempted murder charge, while the aggravated robbery charge and several misdemeanor charges in a separate case would be dismissed."  *Id.*  The term imposed "reflected the aggravated grid sentence for attempted murder based on Kelley's criminal history."  *Id.*  Kelley did not file a direct appeal, and the KCA noted on his collateral appeal that "a sentence within the statutory guidelines is not appealable."  *Id.*

[3]    In his "Brief for Appellant" available on-line at 2001 WL 2414303 (Kan.App. May 10, 2011)(hereinafter "Brief"), Kelley stated that the following occurred after he was sentenced:

> On March 14, 2007, Mr. Kelley wrote a letter to the clerk of the district court seeking the status of his appeal.  Mr. Kelley said that he had told his trial counsel, Rex Lane, that he wished to appeal and that Mr. Lane said he would take care of it.  On March 19, 2007, Judge Martin Asher wrote Kelley and informed him that

On November 14, 2007, Mr. Kelley filed a pro se post-conviction motion pursuant to K.S.A. 60-1507 in which he alleged that he was mentally incompetent at the time of the offense, when he entered his plea, and at sentencing. He also claimed that the State failed to prove all elements of the offense and improperly relied upon a 1999 juvenile adjudication in calculating his criminal history score. In addition, he claimed that his attorney was ineffective for failing to investigate, request a second competency evaluation, and present mitigating evidence at sentencing. *See Kelley,* 277 P.3d 447 at *1. Counsel Martin Johanning was appointed, and an evidentiary hearing was conducted at which petitioner testified. The state district judge denied this motion on December 18, 2009.[4] Kelley appealed the denial to the Kansas Court of Appeals (KCA), and Deputy Appellate Defender Janine Cox was appointed to represent him.[5] The KCA affirmed on May 25, 2012. *Id.* The court takes

---

no notice of appeal had been filed in his case. Judge Asher informed Mr. Kelley that he could file a motion for an appeal out of time. Although Kelley sought transcripts in his case, no motion to appeal out of time was ever filed and no direct appeal was taken in his case. (citations to record omitted).

*Id.* at 2-3.

[4]    Kelley attached a copy of this Memorandum Decision (Atchison County District Court Case No. 2009CV127 (Dec. 18, 2009)) to his petition. See (Doc. 1-1).

[5]    In the "Brief of Appellant," counsel Cox noted that counsel Johanning had not called trial counsel Rex Lane to testify at the 1507 hearing and argued that the trial court committed reversible error when it denied Kelley's claim of ineffective assistance of counsel without trial counsel's testimony. Brief at 4.

3

judicial notice of the Kansas Appellate Courts docket available on-line for Case No. 07cv127, which shows that after entry of this KCA judgment no petition for review was filed in this case. Thus, the court finds that petitioner did not appeal the denial of his first 60-1507 motion to the Kansas Supreme Court (KSC).

On August 8, 2012, Kelley filed a Motion to Correct Illegal Sentence pursuant to K.S.A. 22-3504(1).[6]  In this pro se motion, he claimed that the judge giving him "the highest sentence in the category B grid box" based upon his criminal history was unconstitutional and violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[7]  The motion was denied by the state trial court on August 21, 2012.[8]  This court found in its prior Memorandum and

---

[6]     The court did not previously know the filing date, but petitioner attached a copy of this motion to his Response, which is file-stamped.  See Doc. 3 at 17.

[7]     The exhibited motion and attached "Brief" show Kelley argued that his sentence to 618 months was an "upward departure" and he should have been given "554 or 584 months instead."  He alleged that when sentencing him the judge stated, "I just think you're someone who just can't function in society."  Response (Doc. 3) at 6-7.

[8]     Mr. Kelley also attached a copy of this decision to his Petition.  See (Doc. 1-1) at 14-15.  The judge found:

> The defendant had convictions for two person felonies in his criminal history that placed him in the "B" box. . . .  The 618 months is the aggravated amount of the three choices in the "B" box for a level 1 felony under the Sentencing Guidelines.  The defendant now complains that sentencing him to the aggravated amount is a violation of (*Apprendi).*  Unfortunately for the defendant this exact same issue has already been decided by the Kansas Supreme Court in *State v. Johnson*, 286 Kan. 824, 190 P.3d 207 (2008).  In *Johnson*, the Supreme Court decided that a sentence to any term within the range stated in a Kansas sentencing guideline presumptive grid does not violate *Apprendi.*

Order that nothing in the federal petition indicated Kelley had

appealed this denial to either the KCA or the KSC.   However,

petitioner now presents several documents within his Response

that cause the court to correct this finding.[9]   The court takes

judicial notice of Appellate Case No. 108734 on the Kansas

Appellate Courts docket.   This record shows that Kelley's motion

to docket appeal out of time was granted on October 18, 2012.

Kelley thereafter filed three motions "FOR EXT. OF TIME TO FILE

BRIEF" followed by a "SUMMARY DISPOSITION OF SENTENCING APPEAL,"

which was granted on April 25, 2013.[10]   Kelley also filed a

Petition for Review that was denied on August 30, 2013.

---

*Id.*

[9]     He exhibits his pro se "Notice of Appeal" that is not file-stamped, but
includes certification that he mailed notice of this document to the Atchison
County Attorney on September 5, 2012.  See Doc. 3 at 8.  He also exhibits his
Motion for Appointment of Counsel notarized on the same date.  *Id.* at 10.
Finally, he exhibits a pro se document with the caption "In the Court of
Appeals of the State of Kansas" and Court Case No. 2006 CR 341 that is
entitled "Docketing Statement-Civil." *Id.* at 11-13.  In addition, petitioner
exhibits with his Response, a letter from the Kansas Appellate Defender
Office dated October 4, 2012, informing Kelley that the "appellate courts may
issue an Order to Show Cause why this case should not be dismissed because
the Notice of Appeal appears to be filed late."  Enclosed were affidavits,
and Mr. Kelley was instructed to "choose the one" that "best explains your
situation," then "sign this affidavit in front of a notary, and return it to
me as soon as possible."  Petitioner exhibits the "two unused affidavits,"
which he states did not fit his situation and alleges that he sent the other
"in to them so that I could proceed."  Petitioner neither explained the
outcome of his submitting his affidavit nor described any proceedings or
decision on this appeal.

[10]    This docket entry further provides: "Construed as motion under rule
7.041.  Affirmed under State v. Johnson."

Mr. Kelley executed the instant federal application for habeas corpus relief on September 19, 2013.[11]

**PETITIONER'S RESPONSE**

In petitioner's Response, he states that documents he has attached "explain (his) situations."    With respect to timeliness, he does not expressly assert that he is entitled to additional statutory tolling.   And the court finds that he is not because his Motion to Correct Illegal Sentence was not filed before expiration of the federal statute of limitations. Petitioner appears to claim that he is entitled to equitable tolling.   In support, he alleges "'Time Barred' K.S.A. 22-3504 to Appellant (sic) Court b/c . . . Lansing Corr. Facility (LCF) had been on lockdown during my filing times."

**DISCUSSION**

1. *Exhaustion*

Mr. Kelley complied with the court's order to address the exhaustion issue by referring to his attached motion to correct

---

[11]    In its prior Memorandum and Order, the court set forth the claims raised by Mr. Kelley in his federal application: (1) that the district court violated *Apprendi* "when it sentenced him to the aggravated factors before the grid box without the jury and requiring the State prove them beyond a reasonable doubt;" (2) that the district court violated *Apprendi* when it sentenced him to an increased sentence based on his prior criminal history without requiring the State to present that history to a jury and prove it beyond a reasonable doubt.   The court found that petitioner alleged no facts to support either claim and instead merely cited *Apprendi* and Kansas statutes and case law, which he incorrectly referred to as "supporting facts."

illegal sentence and subsequent notice of appeal. The court finds, as a result of Mr. Kelley's Response and attachments, that he appears to have fully exhausted his *Apprendi* claims in the state courts by way of his motion to correct illegal sentence and appeal proceedings, which concluded with the KSC denying review on August 30, 2013. However, since he did not appeal the KCA's May 2012 affirmance of the denial of his 60-1507 motion, he has not shown full exhaustion on any of his other claims.[12] Generally, a "mixed" petition, that is one containing unexhausted as well as exhausted claims, must be dismissed. In any event, the question of exhaustion of state court remedies is no longer of any relevance because the time in which Mr. Kelley could have pursued his remedy in federal court has run out.

### 2. *Timeliness*

#### a. *Application of § 2244(d)*

Petitioner was sentenced on October 16, 2006. He had thirty (30) days from that date in which to file a direct criminal appeal. He did not file a direct appeal, and the time limit for appeal expired on November 15, 2006. Applying the statutory provisions, petitioner's conviction and sentence

---

[12] In his Response, petitioner makes additional claims that he was not provided counsel or a hearing at the trial court level on his motion to correct illegal sentence and that "the courts" did not answer his *Apprendi* question because "they" dismissed his motion a week after it was mailed. Complaints regarding procedural matters in state post-conviction proceedings present no claim for federal habeas corpus relief.

became "final" for limitations purposes the following day on November 16, 2006. The limitations period began running that day and ran without interruption for 363 days.

On November 14, 2007, petitioner filed his first state post-conviction motion pursuant to K.S.A. 60-1507. The statute of limitations was tolled during the entire pendency of these state collateral proceedings, which concluded when the KCA entered its decision on May 25, 2012. The court finds that petitioner is entitled to statutory tolling from November 14, 2007 through June 24, 2012 (date of decision plus 30 days during which petitioner could have but did not file a petition for review in the KSC).[13]

On June 25, 2012, the 60-1507 proceedings and time to appeal to the KSC were no longer pending, and the limitations period recommenced with only two days remaining. The time limit expired on June 27, 2012.

Petitioner filed a Motion to Correct Illegal Sentence on August 8, 2012, and appealed its denial to the KCA and the KSC. However, these proceedings had no tolling effect because this

---

[13] K.S.A. § 20-3018(b) pertinently provides: Any party aggrieved by a decision of the court of appeals may petition the supreme court for review within thirty (30) days after the date of such decision. However, it has also been held that an application is "pending" until it has achieved final resolution through the state's post-conviction procedures. See *Carey v. Safford*, 536 U.S. 214, 219-20 (2002); *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)(holding that limitations period begins to run immediately upon the conclusion of state post-conviction review and is not tolled during the 90-day period in which a writ of certiorari may be sought from the Supreme Court).

motion was filed more than a month after the limitations period
had already expired.  See *Fisher v. Gibson*, 262 F.3d 1135, 1142–
43 (10th Cir. 2001).  The instant federal petition was likewise
filed after the time limit expired.

### b.  *Equitable Tolling*

As petitioner was informed, a litigant claiming entitlement
to equitable tolling bears the burden of establishing two
elements: (1) that he has been pursuing his rights diligently,
and (2) that some extraordinary circumstances stood in his way.
Petitioner's allegations that LCF was on lockdown in September
and October of 2012 and he was denied access to the prison law
library in the evenings during that time are too conclusory to
establish his entitlement to equitable tolling.  To support his
lockdown allegation he exhibits a grievance (Doc. 3 at 6-7),
which he did not date.  On the other hand, the administrative
response on the bottom half of the grievance is dated July 3,
2013, which is 8 months after the alleged lockdown.[14]  Petitioner
admits that he filed this grievance "at a later time" and "after
the fact, expo (sic) facto" to "argue" that he "would be time
barred last year Sept.-October 2012."  He then baldly claims,

---

[14]    The response provided that "the law library is scheduled during the
evening hours except when not available due to staff shortages," that Kelley
may need to return from his work detail during the day to meet his court
deadlines, and that the Unit Team responder would "help to coordinate law
library service for" Mr. Kelley.

"because of the grievous threats from the Court of Appeals."[15]
Mr. Kelley makes no effort to describe legal research he needed
to do or legal materials he needed to access on particular dates
and how he was denied access to the necessary materials on those
dates.  Most significantly, the statute of limitations expired
in this case on June 28, 2012, which was months before the
alleged September/October 2012 lockdown.  Thus, the lockdown
could not have impacted the running of the federal limitations
period in this case.

 Furthermore, an inmate is required to show that he
diligently pursued his claims by alleging with specificity the
steps he took to pursue his federal claims.  *Yang v. Archuleta*,
525 F.3d 925, 930 (10th Cir. 2008); *Miller*, 141 F.3d at 978 ("In
the final analysis, [petitioner must show] the steps he took to
diligently pursue his federal claims.").  Mr. Kelley has not
described any effort on his part to pursue his federal habeas
corpus remedy in a timely manner.  He describes no act taken by
him during the initial 363 days that the federal limitations
period was running.  He likewise fails to describe how he
immediately and thus diligently pursued his claims during the
two-day period that began the day after his second state post-
conviction proceedings concluded.  In sum, Mr. Kelley fails to

---

[15]    This particular conclusory statement is supported by no factual
allegations whatsoever.

show that either a lockdown or limited access to the prison law library at LCF, rather than his own lack of diligence throughout the one-year limitations period, caused him to file his federal petition late.  As a result, the court finds that the petition is time-barred.  Accordingly, this action is dismissed with prejudice and all relief is denied.[16]

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by

---

[16]     The court notes that petitioner's allegations that he was sentenced to the highest of the three possible terms within the category B box based upon his criminal history fails to show a violation of *Apprendi*.  In *Apprendi*, the United States Supreme Court held that any fact that increases the penalty for the crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt.  However, the Court expressly excluded from its holding: "the fact of a prior conviction."  *Id.* at 489.  Thus, the sentencing court's reliance on petitioner's prior conviction or convictions without submitting them to the jury did not violate *Apprendi*.  Petitioner does not allege that he was denied counsel in any of his prior criminal convictions that were relied upon in calculating his criminal history score.  Furthermore, as petitioner was informed by the state courts, the upper term in the category B box was not a sentence "beyond the prescribed statutory maximum," and his allegations show no unconstitutional increase in the maximum punishment for his crime.

demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  The court concludes that a certificate of appealability should not issue in this case.  Nothing suggests that the court's rulings resulting in the dismissal of this action as time barred are debatable or incorrect.

**IT IS THEREFORE BY THE COURT ORDERED** that this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is dismissed as time barred and that a certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U.S. Senior District Judge**

12